## Cacciatore's Estate

*Elgin E. West* and *G. Edgar Bowersax*, for petitioner.

*Arnold M. Snyder*, contra.

VAN RODEN, P. J., November 13, 1947.—Decedent died December 12, 1946, intestate, survived by his widow and seven children, including one minor son. The said widow is now, and was at the time of decedent's death, confined in the Norristown State Hospital. On July 23, 1947, by decree of the Court of Common Pleas of Delaware County as of no. 408, June term, 1947, the said widow was adjudged to be mentally incompetent and the Delaware County Trust Company was appointed guardian of her estate.

On October 8, 1947, the said guardian filed a petition on behalf of the widow, asking for the allowance of the widow's exemption of $500, in accordance with section 12 of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §471.

No formal answer to the petition (which was duly served and advertised) has been filed by any of the parties in interest, but on October 24, 1947, Eugene Cacciatore, son of decedent and administrator of the estate, filed "exemptions" to the petition for the following reason:

"Because the said widow, Mary Cacciatore, has been confined to the Norristown State Hospital for the past 15 years and as a consequence there was no family relationship between the said Mary Cacciatore and the decedent, John E. Cacciatore, at the time of the death

of decedent and that there is no necessity to make immediate provision for the wants of the said Mary Cacciatore inasmuch as she is being properly cared for without the necessity of making any claim for the widow's exemption."

There is no dispute as to the facts of the case. The sole issue involved is whether the statutory exemption may be claimed on behalf of the widow by her duly appointed guardian. The argument of the administrator is that the claim for exemption is personal to the widow and is not subject to attachment by her creditors, and that to permit the guardian to receive the exemption would in effect subject the said sum of $500 to the Commonwealth's claim for maintenance of the widow in a State institution, thereby indirectly permitting the Commonwealth to receive the benefit of the exemption.

While the court is sympathetic to the attempt of the adminstrator to secure as much as possible of this small estate for the benefit of decedent's children, especially since a minor is involved, it is nevertheless the court's duty to decide the issue in accordance with the mandate of the statute, as judicially interpreted.

The widow's exemption is not an interest passing under the estate law; it is a gratuity payable to the widow unless she has, in the language of the statute, "forfeited her rights". Such forfeiture follows as an incident where the family relation has ceased to exist: Sadewaki Estate, 158 Pa. Superior Ct. 119, 121 (1945) In order to effect such forfeiture of the widow's rights, the termination of the family relation must have resulted from some voluntary action on her part, such as abandonment, voluntary separation, antenuptial or post-nuptial agreement, remarriage or long delay in asserting the right. Ibid.

Separation caused by illness does not destroy the family relation: 2 Hunter Pa. Orphans' Court Commonplace Book 1387 §5(c). It is obvious that in the instant case the mental illness of the wife was the sole

cause of the interruption of the family relationship, unaccompanied by any element of willfulness or misconduct on the part of either of the spouses. Under such circumstances, there is no forfeiture of the widow's rights: Stough's Estate, 53 York 182 (1939).

It was held in Garrett's Estate, 16 Phila. 341, 14 W. N. C. 310 (1884), that the application for exemption, where the widow is non compos mentis, may be made by her committee. Similarly in Baker's Estate, 25 Dist. R. 650 (1916), an exemption was allowed upon petition by a lunatic widow's committee. Where, as in this case, the widow has been adjudged mentally incompetent rather than a lunatic, her duly appointed guardian may claim the exemption: Stough's Estate, supra. In Steininger's Estate, 5 D. & C. 472 (1924), it was held that where the husband of a woman who has been supported in a State asylum for the insane dies, the Commonwealth may proceed in the court of common pleas to have a guardian appointed for her, and the guardian may then claim the widow's exemption.

Whether or not the guardian after receipt of the exemption may be required to pay same to the Commonwealth for her support, cannot be decided in this proceeding. But cf. Steiniger's Estate, supra.

Accordingly, the prayer of the petition is hereby granted, the exceptions of the administrator are hereby dismissed, and the court enters the following

## Decree

And now, to wit, November 13, 1947, upon consideration of the petition for widow's exemption, and presentation of proofs of notice and publication, and after argument and submission of briefs by counsel, it is hereby ordered, adjudged and decreed that the sum of $500 in cash be and the same is hereby set apart and awarded to Delaware County Trust Company, guardian of the estate of Mary Cacciatore, an alleged weakminded person, as and for her widow's exemption under section 12 of the Fiduciaries Act of 1917.